107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stuart M. REED, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 96-1117.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 27, 1997.
 
 Before: SILBERMAN, SENTELLE, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on a petition for review of an order of the Railroad Retirement Board, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the petition for review of the order of the Railroad Retirement Board is hereby granted. The Board concluded that petitioner did not complete 10 years of service with Conrail and that he therefore was not entitled to an annuity under the Railroad Retirement Act. See 45 U.S.C. § 231a(a)(1) (1994). This conclusion was based on the Board's decision not to credit petitioner for the period after which he resigned from his position as president and chief operating officer of Conrail but during which he received "separation" payments administered through Conrail's payroll. The Board's order, however, fails to address a statutory presumption that when an individual is compensated through the employer's payroll the individual is to be considered an "employee" in the period during which the payment is made. See § 231(h)(1). The Board also ignored its 1989 decision to credit as "employment" service the period during which individuals who had previously worked for Illinois Central Gulf received "dismissal" payments. These omissions are inconsistent with reasoned decisionmaking and oblige us to remand to the Board for further explanation. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.